## N. A. EVANS *v.* ISAAC VANBIBBER.

SUPREME COURT JURISDICTION.   *Motion for Judgment by Security against Principal.*

The Supreme Court cannot entertain a motion for judgment in favor of a security against his principal, this being an incident of original jurisdiction.

Maynard moved in the Supreme Court for a judgment in favor of a surety against his principal. The court having intimated a doubt as to its jurisdiction, the motion was twice postponed; when finally the same being pressed by Maynard, McKINNEY, J, said:

It is assumed that under the act of 1801, this court would have had jurisdiction to render judgment in such a case.

At that time all the courts of this State had original jurisdiction. Now this court has no original jurisdiction except in certain specified cases. The act of 1809, passed in the year that this court was organized, is very different in its terms from the act of 1801, and does not confer such jurisdiction. This motion is an original proceeding and must be denied. (1)

*Motion denied.*

(1) Neither the act of 1801, chapter 15, nor the act of 1809, chapter 69, gives the Supreme Court such jurisdiction. Waters v. Lewis, 9 Yerg. 15, 17. In Catron v. Breedlove, 2 Yerg. 499, and in Wilson v. Wilson, 10 Yerg. 200, 201, the Supreme Court struck from the files bills of review because such bills are incidents of original jurisdiction. Upon like grounds in King v. Hampton, 3 Haywn 59.60, a mandamus was refused to compel the Circuit Court to proceed to the trial of a cause. But it was then said that the Supreme Court would issue any writ in aid of its appellate jurisdiction.

And so mandamus lies in the Supreme Court to compel an inferior Court to sign a bill of exceptions upon an appeal or writ of error to the Supreme Court. State v. Hall, 3 Cold. 255. But not to compel inferior judge to hear a petition for *habeas corpus,* this not being in aid of its appellate jurisdiction, State v. Elmore 6 Cold. 528.