ROBERT SMART *vs.* INHABITANTS OF PATTEN.

Penobscot.   Opinion January 7, 1879.

*Bounties.   Municipal obligations.*

A soldier having received $300 as bounty under the act of 1864, c. 227, is not entitled to any money under the provisions of the act of 1868 for the equalization of municipal war debts, c. 276.

*Canwell* v. *Canton,* 63 Maine, 305, reaffirmed.

ON REPORT.

ASSUMPSIT, to recover share of funds paid by the state to the defendant town under the equalization act of 1868, c. 225.

*J. Varney,* for plaintiff.

*F. A. Wilson & C. F. Woodard,* for the defendants.

APPLETON, C. J.   The plaintiff was mustered into the service of the United States on February 29, 1864 ; on March 10, 1864, he received the state bounty of $300, and on June 26, 1865, he was discharged.   He now brings this action to recover a share of the funds paid by the state to the defendant town under the equalization act of 1868, c. 225.

The plaintiff received from the state $300, under the provisions of the act of 1864, c. 227, and subject to the limitations therein expressed.   This act is in force and has never been repealed.

By § 3, " No person shall be entitled to receive from this state or any town in it any sum in addition to the bounty provided for in this act."

By § 4, " Any sum paid as bounty from any source, except from the United States, shall be deducted from the amount to be paid from the state treasury."

By the terms of the receipt the defendant denies having received any other bounty, and if any has been paid he directs the disbursing officer of the United States army to deduct such amount from his wages and pay the same to the state treasurer or paymaster of Maine.   *Canwell* v. *Canton,* 63 Maine, 304.

By § 6 " Any city, town or plantation is hereby authorized to make a temporary provision for and pay to its recruits such

bounty, under the aforesaid conditions, which shall be reimbursed to it from the state treasury, but payment of a greater sum than three hundred dollars per man shall operate as a forfeiture of the right to reimbursement in the case of each person so overpaid."

The prohibition is express against a bounty over three hundred dollars. The town may advance within that limit with a claim for reimbursement, but there is to be no reimbursement whenever the bounty exceeds that sum.

A few days later, in the same session, a " resolve relating to the state assuming liabilities of cities, towns and plantations in paying bounties" was passed, c. 368. The liabilities to be assumed were those then existing under the statutes of the state. By those statutes the payment of a bounty exceeding the limitation of three hundred dollars by a town would be a forfeiture of any claim to reimbursement. Further, whenever the state had paid this sum, the town having paid nothing, there could be no claim for reimbursement.

On March 7, 1868, a resolve providing for an amendment of the constitution so as to authorize " a limited reimbursement of municipal war expenditures by loaning the credit of the state " was passed, c. 276.

The reimbursement by the constitutional provision, art. 11, was to " be in full payment for any claim upon the state on account of its war debts by any such municipality." It is obvious that the defendant town had incurred no debt by reason of any bounty paid the plaintiff.

Under this amendment of the constitution  " an act providing for the equalization of municipal war debts and a limited assumption and reimbursement thereof by the state " was passed in 1868, c. 225, by virtue of which the plaintiff claims to recover his share of the surplus under § 6.

But if the plaintiff receives any portion of the sum in the town's hands it will be in manifest violation of c. 227 of the acts of 1864. It would give him a bounty of over three hundred dollars, which would forfeit all the right of the town to reimbursement. It would take from those soldiers who had received a small bounty, or none, and give it to one who by the terms of his

receipt was to account for the same to the state. If the plaintiff were permitted to hold it, it would increase the inequality between him and other equally meritorious recipients of the state's liberality.

By the act of 1868, c. 225, § 6, " No money or bonds shall be paid to any city, town or plantation, when it is in evidence that said credit was granted by the state as a gratuity for which they have paid no consideration." The defendant town was not entitled to reimbursement on the plaintiff's account, for they had paid him nothing. They were not entitled to any money from the state on his account, for the money already received by the plaintiff ($300) " was granted by the state as a gratuity for which they have paid no consideration." The defendant town has paid no bounty to the plaintiff, it is burdened by no debts incurred for the common defense, so far as he is concerned, and there is no portion of its debts which the state (so far as relates to this claim) should, within the preamble of the act, assume. The plaintiff has received all the money to which he is entitled. If the defendant town has received money to which it is not entitled, that does not give the plaintiff any legal right to it. The money is not his. *Canwell* v. *Canton*, 63 Maine, 304, 305.

*Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.