JOHN H. LAIRD, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, January 24, 1899.**

Damages, Punitive: MOTIVE: STOCK PENS. In the case at bar, there is no substantial evidence tending to prove that the stock pens were located and maintained with the intention thereby of inflicting a wanton or malicious injury upon the plaintiff or his property. The plaintiff did not inform defendant of the injuries sustained by him and his family from the unwholesome condition of the stock pens. Held, that the judgment for punitive damages was unwarranted by the facts in this record.

VOL. 78 app—18

Laird v. C. & A. R. R. Co.

*Appeal from the Audrain Circuit Court.*—Hon. Elliott M. Hughes, Judge.

Affirmed on condition of remittitur; otherwise reversed and remanded.

Edmonston & Cullen for respondent.

The decaying carcasses of dead hogs were allowed to remain in the pens and pollute the air for weeks at a time. Because of this outrageous conduct, which was unlawful, willful, wanton and gross, negligent and unreasonably oppressive, the appellant is liable to pay punitive damages for its unlawful, malicious and wanton conduct in keeping the pens so filthy: Carson v. Smith, 133 Mo. 606; Graham v. Railroad, 66 Mo. 536; Malecek v. Tower Grove, 57 Mo. 17; Klingman v. Holmes, 54 Mo. 304; 5 Am. and Eng. Ency. of Law, p. 22. If a tort is committed deliberately, recklessly, or by willful negligence, with a present consciousness of invading another's right or of exposing him to injury, an undoubted case is presented for exemplary damages. 1 Sutherland on Damages, p. 724. In actions for torts all the facts constituting and accompanying the wrong should go to the jury. 1 Sutherland on Damages, p. 745; Klingman v. Holmes, 54 Mo. 304. Evidently, from the evidence, the jury were justifiable in giving exemplary damages, and when the case is properly submitted to them, which was done in this case, their verdict is final, notwithstanding their verdict for exemplary damages may seem to be large, and the judgment can not be reversed on account of excessive damages. Burdict v. Railroad, 123 Mo. 221, and cases cited. It is a well established principle of the common law, that in actions of trespass and all actions for torts, the jury may inflict what are called exemplary, punitive or vindictive damages upon a defendant having in mind

the enormity of his offense, rather than the measure of compensation to the plaintiff. 1 Sutherland on Damages, 719, 720; Day v. Woodworth, 13 How. 371. In this action the conduct and motive of the defendant are open to inquiry with a view to the amount of damages, and, if in committing the wrong complained of, it acted recklessly or willfully and maliciously, with a design to oppress and injure the plaintiff, the jury, in fixing the damages, may disregard the rule of compensation, and, beyond that, may, as a punishment of the defendant and as a protection to society against a violation of personal rights and social order, award such additional damages as in their discretion they may deem proper. So let the judgment be affirmed.

CHARLES R. MACFARLANE and W. W. BOTTS for appellant.

In suits for nuisance the measure of damages is the loss actually sustained, or the loss in the rental value of the property up to the time of bringing the suit. Brown v. Railroad, 80 Mo. 457; Smith v. Railroad, 98 Mo. 20; Paddock v. Somes, 102 Mo. 239; Van Hoozier v. Railroad, 70 Mo. 145; Dickson v. Railroad, 71 Mo. 575; Benson v. Railroad, 78 Mo. 504; Pinney v. Berry, 61 Mo. 360; Givens v. VanStuddiford, 72 Mo. 129; Givens v. VanStuddiford, 86 Mo. 149. In the first instance in an action for nuisance the recovery is limited to the actual damage. Law of Nuisances (Wood), sec. 855; Harsh v. Butler, 1 Wright (Ohio), 99; Thayer v. Brooks, 10 Ohio, 161; McKnight v. Ratcliffe, 44 Pa. St. 156; Hatch v. Dwight, 17 Mass. 289; Shaw v. Cumminski, 7 Pick. 76. In cases of tort unaccompanied by circumstances of aggravation, compensatory damages only should be allowed. 48 Barb. 106; Hamilton v. Railroad, 53 N. Y. 25. Exemplary damages can not be recovered without proof of aggravating circumstances attending the injury. Hurt v. Railroad, 94 Mo. 255; Morgan &

Durfee v. Railroad, 69 Mo. 469; Joyce v. Brown, 73 Mo 28; Granz v. Hilterbrand, 45 Mo. 121; Green v. Craig, 47 Mo. 90; Newman v. Railroad, 2 Mo. App. 402. "Punitive damages are allowable only when there is misconduct and malice, or what is equivalent to it. A tort committed * * * without any actual wrong intention and without any such recklessness or negligence as evinces malice or conscious disregard of the rights of others will not warrant the giving of any damages for punishment. 1 Southerland ou Damages, p. 724; Kolb v. O'Brien, 86 Ill. 210; Floyd v. Hamilton, 33 Ala. 595; Hamilton v. Railroad, 53 N. Y. 25; Wallace v. Mayor, 9 Abb. 40. * * * It is only in instances when the injury is inflicted from wanton or malicious motives, or a reckless disregard of the rights of others or when the act results in great hardship and oppression that punitive damages are given. Wood, Nuisances, [1 Ed.], p. 889; Nagle v. Morrison, 34 Pa. St. 48; Dorsey v. Manlove, 14 Cal. 553; Hodgon v. Medward, 3 Grant (Pa.), 406; Borst v. Allen, 30 Ill. 30. "The decided cases in this state all hold that the above conditions must exist to authorize the award of exemplary damages." Paddock v. Somes, 51 Mo. App. 325. When injury complained of has been inflicted maliciously or wantonly, jury are not limited as to damages. Word malice implies act complained of was conceived in the spirit of mischief or criminal indifference to civil obligations. Edelman v. Transfer Co., 3 Mo. App. 507, quoting Railroad v. Quigley, 21 How. 214; Goetz v. Ambe, 27 Mo. 28; Kennedy v. Railroad, 36 Mo. 351; Franz v. Hilterbrand, 45 Mo. 121; Perkins v. Railroad, 55 Mo. 214; Hyatt v. Adams, 16 Mich. 180; Pierce v. Mallay, 44 Ill. 189. There is no evidence that the nuisance complained of in this case was caused by plaintiff maintaining the cattle pens in a bad condition maliciously, wantonly, with a reckless disregard of plaintiff's rights for the purpose of injuring plaintiff. But defendant was main-

taining its pens for the receiving and shipments of stock as it had a perfect right to do. The fact that the defendant tried to keep the pens in as clean condition as possible and did clean them out goes to show that defendant tried to keep them in good condition. This eliminates the maliciousness and wantonness so essential for the recovery of exemplary or punitive damages. * * *

BOND, J.—This action is for damages for the alleged wanton and malicious maintenance of stock pens so near the dwelling house of plaintiff as to render it "almost uninhabitable and almost destroying its value," and endangering the health of plaintiff's family. The answer admits the corporate existence of defendants, and denies the other allegations of the petition. There was a verdict and judgment for $72 actual damages and $500 punitive damages, from which defendant appealed to this court.

It is insisted that there was no evidence warranting the trial court in submitting the question of punitive damages to the jury. It appears from the testimony adduced by plaintiff that he is a merchant living in the western part of the town of Vandalia, Audrain county, Missouri; in 1896 defendant moved its stock pens from a situation where the town had grown up around them to the westerly part of the village; at that time the pens were put in the best condition; they comprised an area of about two hundred and forty feet, and were constructed so as to drain the water, and did not become offensive until July and August of that year; in 1897 they became foul during the warm weather; much stock is shipped from them over the defendant's railroad; plaintiff's house is about one hundred and fifty yards distant, and was subject to the smells and exhalations arising from stock pens during the warm weather, and when the wind blew from the south, to such an extent that it became necessary to close the doors and windows when the family

were at the dining table.   He estimated the decline in the
rental value of his dwelling from $12 to $18 per month.
Plaintiff, his wife, and five children occupied the dwelling
in question.   He applied to the town authorities "for relief,"
and getting none brought this action.

Defendant's witnesses testified that the pens were kept
in as good condition "as pens having stock in them could
be," and were cleaned whenever it was necessary; that ship-
pers were notified not to feed their stock in the pens, and
that if they did so it was without the permission of defend-
ant; that the stock pens were located three or four blocks
from the plaintiff's dwelling and distant in a direct line
five hundred and sixty feet.

The question is, under the foregoing evidence, was the
plaintiff entitled to recover punitive damages?   In an ac-
tion for damages caused by a nuisance the recovery is lim-
ited to the actual loss sustained; unless the injury is in-
flicted from wanton, malicious or reckless motives, in which
event the jury, as in other torts so characterized, are at lib-
erty to award exemplary damages.   2 Wood on Nuisance,
sec. 868; Sedgwick on Damages, sec. 363; Berlin v.
Thompson, 61 Mo. App. loc. cit. 241; Lewis v. Jannou-
poulo, 70 Mo. App. loc. cit. 329; Carson v. Smith, 133 Mo.
loc. cit. 617; Nicholson v. Rogers, 129 Mo. 136; Callahan v.
Ingram, 122 Mo. 372.   The case at bar is barren of any
substantial evidence tending to prove that the stock pens
were located and maintained, as shown in the record, with
the intention thereby of inflicting a wanton or malicious in-
jury upon the plaintiff or his property.   Their present lo-
cation was caused by the town growing up around their
former location.   It is admitted by plaintiff that when re-
located they were well constructed and properly maintained,
and while the evidence shows that they subsequently became
a nuisance to him, it wholly fails to show that this was per-
mitted to happen with the design of inflicting annoyance

upon him or to depreciate the value of his property. It is not claimed that plaintiff informed defendant of the injuries sustained by him and his family from the unwholesome condition of the stock pens, or that he requested defendant to restore them to a healthy condition and that such request was disregarded. All that is said upon this subject is, that plaintiff invoked the aid of the town authorities and failing any relief from that source, instituted the present action. This was not a complaint to defendant, hence the mere existence of the nuisance thereafter affords no basis for a just inference of intention on the part of the defendant to maintain the same in reckless disregard of plaintiff's rights. In the absence of all proof of such purpose on the part of defendant, the judgment for punitive damages was unwarranted by the facts in this record. The judgment for actual damages is, however, well sustained by the proof, and the case having been properly tried on that issue, the judgment for actual damages will be affirmed; provided plaintiff will, within twenty days, remit the amount of his judgment for punitive damages, otherwise the judgment in this case will be reversed and the same remanded. All concur.