Carroll,
June, 1900.

NASON v. FOWLER & a.

The mere delivery of a bank check does not discharge a pre-existing debt, in the absence of an agreement to receive it in payment thereof.

A *de facto* collector is liable to an extent for neglect to pay to the town treasurer taxes collected under a defective warrant.

A party in custody on final process cannot be retaken after a voluntary escape, and for such recaption the officer is liable in an action of false imprisonment.

CASE, for arrest and false imprisonment. The plaintiff acted as collector of taxes for the town of Freedom in the year 1896, under a warrant without a seal. The warrant required him to pay to the treasurer all taxes collected, upon demand. In February, 1899, he had collected most of the taxes committed to him, but at least $22 of the amount was in arrears, and he had in his hands $50, both of which amounts he failed to pay over upon demand, except by the delivery to the treasurer of his personal check, which

was never paid. Tyler, as treasurer, upon request of the defendant selectmen, Fowler and Towle, issued an extent against Nason for $22, which was delivered to the defendant Moulton, a deputy sheriff.

The sheriff first called upon Nason, Saturday evening, February 27, 1899, and told him of the extent and that unless he exposed property or paid the amount of it he would be arrested and taken to jail. The sheriff refused Nason's request to wait until Monday morning to give him an opportunity to consult counsel, but at his request called with him that evening upon counsel. After consultation, Nason refused to pay the amount, when the sheriff said it was too late to go to jail that night, and he should go home, and Nason had better do the same. Monday morning, Moulton, having in the meantime secured a bond from the other defendants, again called upon Nason and told him that he must pay or go to jail. To avoid imprisonment, he paid under protest.

The defendants' motion for a nonsuit was granted, subject to exception.

*Frank Weeks* and *James A. Edgerly*, for the plaintiff.

*Edwin G. Eastman* and *Elmer J. Smart*, for the defendants.

WALLACE, J. The plaintiff was *de facto* collector, although his warrant was not under seal. *Jewell* v. *Gilbert*, 64 N. H. 13. As such officer, he entered upon the performance of his duties and collected nearly all of the taxes in the list committed to him. From the money thus collected he retained in his possession an amount exceeding $22, which he neglected to pay to the town treasurer upon demand. The delivery to the treasurer of the plaintiff's individual check, which was dishonored, was not a payment. *Barnet* v. *Smith*, 30 N. H. 256, 264; *Taylor* v. *Thompson*, 61 N. H. 156.

By the statute, "any collector to whom a tax is committed, who neglects to pay the same to the state, county, or town treasurer . . . within the time limited in his warrant, . . . shall be liable to an extent." P. S., c. 66, s. 4. The plaintiff was therefore liable to an extent, and the treasurer was authorized to issue one against him (*Kimball* v. *Russell*, 56 N. H. 488, 495), unless the fact of his being a *de facto* officer shields him from the responsibility of a *de jure* collector for taxes collected and wrongfully withheld. The question presented is not as to the plaintiff's liability for ceasing to act or to perform the duties of his office when doubtful of his right to do so, but as to his liability for acts which he voluntarily performed in the discharge of the duties of the

office which he assumed. A *de facto* tax collector has been held liable to account for and pay over money which he has collected. *Pittsburg* v. *Danforth*, 56 N. H. 272, 276. He is also liable on his bond for money thus received. *Northumberland* v. *Cobleigh*, 59 N. H. 250. And he can be punished for embezzlement of the money thus collected by him. *State* v. *Goss*, 69 Me. 42; Mechem Pub. Off., s. 337. No reason is suggested why, for money actually collected and wrongfully withheld, a *de facto* collector of taxes should not be liable to an extent. In acting as collector, the plaintiff subjected himself to all the liabilities for his acts which would have attached to a rightful incumbent of the office acting under a proper warrant. He cannot now be permitted to invalidate his title to the office, or his authority to perform the acts which he did perform when acting or assuming to act as collector, and thereby shield himself from personal responsibility for those acts.

The extent was rightfully issued against the plaintiff, and the nonsuit was properly ordered as against the treasurer and selectmen. An extent is an execution writ in the nature of a final process. P. S., c. 66, s. 1. *Kimball* v. *Russell, supra,* 493. It was the duty of the sheriff, after arresting the plaintiff, to commit him to jail without unnecessary delay unless he paid the amount for which the extent was issued. *Riley* v. *Whittaker,* 49 N. H. 145, 147. If the officer having him in custody on final process voluntarily suffered him to escape, he could not be retaken, and for recaption the officer would be liable to an action of false imprisonment. *Butler* v. *Washburn,* 25 N. H. 251, 258; *Riley* v. *Whittaker, supra,* 148. The object of arrest on final process is to deprive the party of his liberty in order that he may be induced to pay the judgment against him, and any kind of an escape defeats this object. If the arrest was made on Saturday, the sheriff's subsequently permitting the plaintiff to be out of his custody from that day until the following Monday, in the manner he did, constituted a voluntary escape. *Sherburn* v. *Beattie,* 16 N. H. 437; *Riley* v. *Whittaker, supra,* 149; 2 Gr. Ev. (16th ed.), s. 589. In that case his subsequent arrest on Monday was without justification. But from the facts disclosed by the case it does not appear conclusively whether an arrest was made on Saturday or not. Whether an arrest was made then is a question of fact. There was evidence on that question which entitled the plaintiff to have the case submitted to a jury. The nonsuit as to the sheriff, Moulton, was improperly ordered. The case will stand for trial against him.

*Exception sustained.*

PARSONS, J., did not sit: the others concurred.