## AMY A. VAN DYKE

*v.*

## FREDERICK A. VAN DYKE et al.

[Decided November 26th, 1906.]

1. A bill may be filed in the chancery court for the recovery of a legacy or distributive share, either before or after a settlement in the orphans court.

2. An action at law to recover a distributive share of an estate is purely statutory, and can be maintained only after a decree of distribution.

3. The action at law to recover a distributive share of an estate given by statute is a remedy in addition to that existing in equity, and in no way limits or qualifies the jurisdiction of the chancery court.

4. A bill by one who is next of kin against an administrator and the sureties on his bond, specifically praying for an ascertainment of complainant's distributive share, justifies a decree for the payment of the amount, when ascertained, under the prayer for general relief, and the bill is not defective because of the absence of a specific prayer for payment.

5. A bill by an heir as next of kin against the administrator to determine the amount of her distributive share, alleged fraud in the accounts filed in the orphans court, and sought, by specific interrogatories, to ascertain information as to certain securities which had come into defendant's hands, and asked that defendant set forth the several items of assets and disbursements.—*Held*, that the fact that the accounts had been settled in the orphans court, and that complainant participated in the settlement, does not exonerate defendant from answering the interrogatories and from setting forth the accounts.

On motion to strike out each paragraph of the answer, and also the entire answer.

The bill is filed by Amy A. Van Dyke as one of the next of kin of Sarah E. Buck, deceased, against the administrators of Sarah E. Buck, deceased, and their sureties, to determine the amount of the distributive share of the personal estate of intestate to which complainant is entitled as such next of kin.

The bill avers that administration has been pending in Atlantic county orphans court since the year 1900; that defendant Frederick A. Van Dyke, one of the administrators, has possessed himself of almost all of the personal estate of intestate to the exclusion of his coadministrator; that the estate could have been easily settled within a year from the decease of intestate, but that the administrator named has wasted and squandered the estate and complainant's only means to obtain her distributive share is by action on the administrator's bond, to which action a determination of her share is a prerequisite; that to vex, delay and hinder complainant from the discovery of her share, administrator Frederick A. Van Dyke has filed in the orphans court fraudulent and deceitful statements of receipts and disbursements of moneys, which statements are fraudulently and cunningly devised to make it appear that complainant has no interest. The bill also contains a series of interrogatories touching specified securities, and asks that defendants set forth the several items of assets received, including those from a foreign jurisdiction, together with the items of all disbursements made in both this and the foreign jurisdiction, and prays for a decree determining the amount of complainant's distributive share and for general relief.

Defendant Frederick A. Van Dyke has answered, and complainant now moves to strike out each paragraph of the answer on grounds specified in the motion, and also to strike out the answer in its entirety because of the failure of defendant to answer any of the interrogatories of the bill.

*Mr. John J. Crandall,* for the complainant.

*Mr. Eli H. Chandler, Messrs. Bedle, Edwards & Holmes,* and *Messrs. Thompson & Cole,* for the defendants.

LEAMING, V. C.

The real controversy between the parties arises by reason of the failure of defendant to answer the interrogatories of the bill. Defendant's answer avers, among other things, that his accounts have been settled in the orphans court and that complainant participated in that settlement. It is now urged on behalf of defendant that this statement of the answer exonerates him from specifically answering the interrogatories of the bill and from setting forth in his answer the accounts sought by complainant.

Motions against answers under rule 213 of this court have heretofore been confined to motions to strike out specific portions of the answer as insufficient, scandalous or impertinent, and have not been entertained to strike out an answer in its entirety. See *Wilson* v. *American Palace Car Co., 63 N. J. Eq. (18 Dick.) 557,* and cases there collected. Such motions would also seem to be inadequate to reach an objection that defendant has made no attempt to answer specific interrogatories in a bill. Exceptions to the answer would, I think, more appropriately reach such objections. *Fuller* v. *Knapp, 24 Fed. Rep. 100.* But inasmuch as the manifest purpose of the pending motions is to compel defendants to answer touching the matters inquired of in the interrogatories forming part of the bill, and the defendant claims that the adjudication of the orphans court, set forth in the answer, operates as a bar to the right of complainant to compel specific answers, I shall, under the right inherent in this court to control its pleadings, treat the motions as raising the question really in controversy between the parties.

The jurisdiction of this court over the accounts of executors and administrators, and to enforce the claims of creditors, legatees and next of kin, is well settled and has been frequently exercised. A bill may be filed for the recovery of a legacy or distributive share either before or after a settlement in the orphans court. An action at law to recover a distributive share of an estate is purely statutory and can be maintained only after a decree of distribution. This statutory remedy is a remedy given in addition to that existing in equity and in no way limits or qualifies the jurisdiction of this court over the subject. *Frey*

v. *Demarest, 16 N. J. Eq. (1 C. E. Gr.) 236.* The specific prayer of the bill in the present case is for an ascertainment of complainant's distributive share. The fact that the bill contains no specific prayer that the amount, when ascertained, be decreed to be paid to complainant, suggests no infirmity in the bill. The sureties of the administrators are made defendants, and a decree ascertaining the distributive share of complainant will fix the extent of their liability and afford the basis of an action on their bond, and the prayer for general relief will justify a decree for the payment of the distributive share.

This court has held that when jurisdiction has been assumed by an orphans court in the settlement of an estate, it is not the right of a next of kin to change the forum of settlement at his pleasure. The chancellor must exercise his discretion and judge as to the propriety of the court of chancery's interposing, and if any progress has been made in the orphans court in the settlement of the accounts, the court of chancery should not interfere with that tribunal unless there is shown some good cause for doing so, and fraud and mistake in the procurement of a settlement have been held to be the only grounds upon which this court will ordinarily look behind the settlement of an account in the orphans court, and that defects and errors in the account should be remedied in that court. *Salter* v. *Williamson, 2 N. J. Eq. (1 Gr. Ch.) 480; Van Mater* v. *Sickler, 9 N. J. Eq. (1 Stock.) 483, 485; Clarke* v. *Johnston, 10 N. J. Eq. (2 Stock.) 287; Voorhees* v. *Voorhees' Executor, 18 N. J. Eq. (3 C. E. Gr.) 223, 227; Search's Administrator* v. *Search's Administrators, 27 N. J. Eq. (12 C. E. Gr.) 137, 139; Titus* v. *Hoagland, 39 N. J. Eq. (12 Stew.) 294, 298; Matthews* v. *Hoagland, 48 N. J. Eq. (3 Dick.) 455, 491; Weyman* v. *Thompson, 50 N. J. Eq. (5 Dick.) 8, 22; Bird* v. *Hawkins, 58 N. J. Eq. (13 Dick.) 229; First National Bank* v. *Thompson, 61 N. J. Eq. (16 Dick.) 188, 205; Frey* v. *Demarest, supra.* But these equitable principles which guide the exercise of this jurisdiction in no way militate against the property of a next of kin seeking, in this court, an ascertainment of a distributive share, in a proper case, where a decree of distribution has not been made by the orphans court, or in seeking a discovery by defendants touching

the existence, character and disposition of certain assets—a beneficial form of relief peculiar to this court and extending to advantageous results not attainable by the orphans court procedure—or in seeking the procurement of a decree for the payment of a distributive share, or in seeking to remove to this court the final settlement of the accounts where fraud and mistake are alleged in the procurement of an adjudication already had in the orphans court. All these remedies are appropriately administered in equity upon the bill of a next of kin showing a reasonable necessity for the interposition of this court for the accomplishment of any of the purposes named.

The bill in this case alleges fraud in the accounts filed in the orphans court. The allegations of fraud are not as specific as is desirable, but as the accounts are peculiarly within the knowledge of defendant an over-rigorous enforcement of the rule requiring charges of fraud to be specific should be guarded against. The bill also seeks, by a series of specific interrogatories, to ascertain information touching certain securities which have come to the hands of defendant in this and in another jurisdiction. These interrogatories cover fields of information peculiarly within the knowledge of defendant and are operative in the domain of equitable procedure to discover important information which could not be reached through any recognized procedure of the orphans court. Answers to these interrogatories and a complete statement of assets received and moneys expended would go far toward aiding this court in determining whether the orphans court settlements shall be here reviewed. In view of these elements of the bill it is entirely clear that the averments of the answer touching the orphans court settlement, and complainant's participation in it, should not excuse defendant from answering all the material averments and interrogatories of complainant.

It would be inappropriate to at this time determine whether this court will review the proceedings already had in the orphans court. As already stated, the information sought by this bill is peculiarly essential to aid this court in that determination. An order will be advised directing defendant to answer fully all the interrogatories of the bill.

It should not be necessary to state that answers to allegations of a bill should not be evasive, should not be in form, constituting them negative pregnant, and should not, as a rule, be framed to follow the language of the bill. Some of the motions against specific paragraphs of the answer are upon these grounds and are not without merit. *1 Dan. Ch. Pl. & Pr.* *725, 726. I have limited my considerations to the broader aspect of the controversy, and the views here expressed are deemed sufficient to direct the further progress of the cause. No costs are awarded.