Post v. Kirkpatrick.

*For reversal*—The Chief-Justice, Garrison, Gummere, Lippincott, Magie, Van Syckel, Bogert, Brown, Sims—9.

*For affirmance*—None.

| 53 | 641 |
| 664 | 600 |

Henry A. V. Post and George Blake, appellants,

*v.*

Andrew Kirkpatrick, receiver, respondent.

1. On a bill calling for a personal decree, an order for publication of the usual notice to non-resident defendants, is not objectionable, even though a decree cannot be taken against such defendants if they fail to appear.

2. What decree, if any, can be made against such absent defendants is not considered.

On appeal from an order advised by Vice-Chancellor Emery, whose opinion is reported in *Kirkpatrick v. Post, 8 Dick. Ch. Rep.* 591.

*Mr. Richard V. Lindabury*, for the appellants.

*Messrs. Coult & Howell*, for the respondent.

The opinion of the court was delivered by

Beasley, C. J.

The purpose of the receiver in filing this bill was to call to account, under the statute of this state, certain of the directors of the insolvent corporation represented by him, for the unlawful payment of dividends out of the capital of the company. The appellant is one of the directors thus arraigned, and as he is a non-resident, the usual order of publication was taken directing

**41**

"that the said absent defendants do appear, plead, demur or answer to the complainants' bill on or before &c., or that, in default thereof, such decree be made against them as the chancellor shall think equitable and just."

On petition filed, the appellant was permitted to come in and move to discharge this order of publication.

On the motion thus authorized coming on to be heard before his honor, the vice-chancellor, it was urged in behalf of the appellant that as the bill sought a personal decree against him, and as he was a non-resident, he could not, by publication, or by a notice served upon him out of the state, be subjected to the jurisdiction in which the suit was pending. It was insisted with great force and much learning that such a course of law was inconsistent with fundamental principles, and as it was not "due process of law," was prohibited by the fourteenth amendment of the constitution of the United States.

With respect to this argument, this court agrees with the vice-chancellor that it is not relevant to the motion in question. It does not touch the question whether a notice of a pending suit is proper or not. Indeed, if we concede the principles propounded by counsel, all objections to the notice seem to be exploded. Why should the appellant object to a notice that cannot be followed by a decree against him? Plainly, it is not to be assumed that the court of chancery will pronounce a decree founded on this process that would be illegal and contrary to the federal constitution, as a mere notice to the appellant of the pending litigation, thus affording him an opportunity of coming in and taking part in it if he sees fit; it cannot be a subject of complaint, as it can do him no harm.

The court, therefore, does not feel called upon to speculate with respect to the force, if any, that would be inherent in a personal decree against the appellant founded on this proceeding in question. To do so would be, in the language of an old report, "to jump before we come to the stile." All that is at present decided is that the publication of this notice is unobjectionable, and that the vice-chancellor rightly refused to suppress it.

Let the decree be affirmed.

*For affirmance*—The Chief-Justice, Depue, Gummere, Lippincott, Ludlow, Magie, Van Syckel, Bogert, Brown, Krueger, Sims, Talman—**12.**

*For reversal*—None.