WALLACE WILSON et al., respondents,

*v.*

AMERICAN PALACE CAR COMPANY OF NEW JERSEY et al.,
appellants.

[Filed September 22d, 1903.]

1. A defendant is entitled to raise by plea the question of the juris-
diction of a court of equity and to demand *in limine* the judgment of the
court whether he should answer the bill.

2. Such a plea, showing lack of jurisdiction over the defendant, need
not in our practice designate another tribunal in which he may be sued.

3. When the object of a bill in equity is to affect the claims of the de-
fendant to property which is not located within the state, and the defend-
ant is not a resident or citizen of the state, or is a foreign corporation
which has not subjected itself to the jurisdiction of the state, the court
can acquire jurisdiction over the defendant only by service of process or
notice within the state, or by the voluntary appearance of the defendant.

On appeal from an order advised by Vice-Chancellor Emery,
whose opinion is reported in *18 Dick. Ch. Rep. 557.*

*Mr. Edward Q. Keasbey,* for the respondents,

*Mr. Robert H. McCarter,* for the appellants.

The opinion of the court was delivered by

DIXON, J.

The bill in this case was filed by several stockholders in the
American Palace Car Company of Maine, on behalf of them-
selves and such other stockholders as should come in, to restrain
the American Palace Car Company of New Jersey from dis-
posing of the property and assets of the Maine company, which,
it alleged, had been transferred to the New Jersey company

in August, 1897. By an . amendment of the bill, made in September, 1901, the Maine company was made a party defendant, and afterwards, by a supplemental bill, the American Palace Car Company of New York and George A. Denham, one of its incorporators and directors, were named as defendants. For the purpose of objecting to the jurisdiction of the court these three defendants have filed a joint and several plea, averring that none of them has any property or claims any right to any property within this state; that the property, concerning which the suit is brought, is not located within the state; that Denham is a resident and citizen of the State of Massachusetts; that the corporations exist under and by virtue of the laws of the States of Maine and New York, respectively, and have never made application for the right or privilege of transacting business under the laws of New Jersey; that neither of them has or ever . had any office, agent, agency or place of business within this state, and that no process or notice of the suit has been served upon any of these three defendants within the state.

Not denying any of these averments, the complainants have procured an order overruling the plea and requiring the defendants to answer the bill, and from that order this appeal is taken.

The right of a defendant to raise the question of the jurisdiction of a court of equity and to demand *in limine* the judgment of the court whether he should answer the bill is clear. If the matter showing lack of jurisdiction appear on the face of the bill, the question is to be raised by demurrer; if not, a plea setting forth the matter is the proper course. *Story Eq. Pl.* §§ *712, 714.* Commonly, in former times, such a plea in the English courts of general jurisdiction was required to name another court in which the complainant might lawfully seek the relief desired, but this practice sprang out of the fact that those courts regarded every person as subject to their jurisdiction, unless he could designate a particular tribunal wherein, as a special privilege, he was to be sued. But in this country that fact cannot be predicated of either the federal or the state courts, or even of the governments under which they exist. The ju-

dicial authority over persons belonging to the union is confined by the terms in which it has been delegated, and that belonging to each state is limited by the restrictions which the federal constitution imposes. Hence, when a plea to the jurisdiction of a federal court shows the defendant to be outside of the delegated authority, or such a plea in a state court shows him to be within the restricted class, it becomes unimportant whether any other tribunal can afford the relief sought. Moreover, no such special privilege as was required to oust the general jurisdictions in England exists among us. Accordingly, in the latest form-book, issued by a gentleman presumably skilled in practice, we find that the designation of another tribunal in such a plea is omitted. *1 Love. Forms Fed. Pr. 47.*

The reason given in the court below for the order in question was that it was necessary or proper for the complainants to make these persons defendants in the bill, and that they ought to have an opportunity to defend the suit. This may be conceded, but it by no means follows that they can be obliged to submit to the jurisdiction, or that their presence is necessary to enable the court to deal with the rights of other parties in the suit. Mr. Daniel, in his excellent book on *Chancery Practice,* makes the following statements, which are supported by the cases to which he refers:

"It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. For this purpose all persons materially interested in the subject ought generally, either as plaintiffs or defendants, to be made parties to the suit, or ought, by service upon them of a copy of the bill or notice of the decree, to have an opportunity afforded of making themselves active parties in the cause, if they should think fit." *1 Dan. Ch. Pr. (6th Am. ed.) 190.*

"The strict application of this rule in many cases creates difficulties which have induced the courts to relax it." *1 Dan. Ch. Pr. (6th. Am. ed.) 191.*

"When a person who ought to be a party is out of the jurisdiction of the court, that fact, being stated in the bill and admitted by the defendant or proved at the hearing, is in most cases a sufficient reason for not bringing him before the court, and the court will proceed without him

against the other parties, as far as circumstances will permit." *1 Dan. Ch. Pr. (6th Am. ed.) 150, 152.*

"Where a suit affects the rights of persons out of the jurisdiction, the court will, in some cases where there are other parties concerned, proceed against those other parties; and, if the absent persons are merely passive objects of the judgment of the court, or their rights are incidental to those of the parties before the court, a complete determination may be obtained without them." *1 Dan. Ch. Pr. (6th Am. ed.) 149.*

In *Smith* v. *Hibernian Mine Co., 1 Sch. & L. 238,* Lord Redesdale said: "The ordinary practice of courts of equity in England, when one party is out of the jurisdiction and other parties within it, is to charge the fact in the bill that such a person is out of the jurisdiction, and then the court proceeds against the other parties, notwithstanding he is not before it."

These citations sufficiently indicate that, in the system of equity jurisprudence which we have inherited, there may be cases wherein the court lacks jurisdiction over persons whom, if they were within the jurisdiction, it would be necessary to bring into the cause, and that, while it is proper to afford such persons an opportunity to come in, yet, if they will not consent, the court does not require that they be included as apparent parties, and will proceed without them as far as justice dictates.

It remains, therefore, only to determine whether the matters stated in this plea show the defendants to be beyond the compulsory jurisdiction of the court, and, if they do, then formally to dismiss the defendants from the controversy in which they declare themselves unwilling to participate.

Although our statutes have long contained provisions, according to which the court of chancery may make decrees against absent defendants with the same effect as if they were present, yet it must be remembered that, since the adoption of the fourteenth amendment of the federal constitution, in 1868, New Jersey has not possessed sovereign power in this regard. The clause in that amendment, declaring that no state should deprive any person of life, liberty or property without due process of law, annulled such of our statutes as authorized judicial proceedings not in harmony with that injunction. What that injunction requires, in order to render valid the judgments and

decrees of courts affecting these rights of persons, has been already decided by the supreme court of the United States so far as our present purpose is concerned.

In *Pennoyer* v. *Neff, 95 U. S. 714,* it was held that the term "due process of law," when applied to judicial proceedings which were not in the nature of a proceeding *in rem,* required that the defendant in a state court should be brought within the jurisdiction either by service of process within the state or by his voluntary appearance; and in *St. Clair* v. *Cox, 106 U. S. 350,* the same rule was declared as to foreign corporations. The stringency of the rule was exemplified in *Pennoyer* v. *Neff.* There Neff, owning land in Oregon, but not residing in the state, was sued therein by Mitchell upon a money demand, and the court ordered that service of the summons should be made upon him by publication in a newspaper. After such publication and his failure to appear judgment was rendered against him, in execution of which his land was sold to Pennoyer. All these proceedings were in accordance with the statutes of Oregon, yet the federal supreme court decided that Neff's title was undisturbed, because he had not been cited by due process of law. Thus even the title to land, which is peculiarly a subject of local regulation, is protected by this supreme law.

No doubt, when the object of a suit is to enforce a specific lien upon property of the defendant within the state, or when the court obtains control over such property, or when the *status* of a citizen of the state is the subject for adjudication, a state court may be authorized, after reasonable effort to notify the absent defendant, to enforce the claim of the plaintiff respecting such property or *status.* In such cases the court acquires a jurisdiction *quasi in rem* sufficient to support the limited judgment; but the jurisdiction must precede the adjudication; the judgment cannot be made valid by the fact that steps might be taken to enforce it.

In the present case there is nothing on which such limited jurisdiction can be predicated. The suit is, as equity suits generally are, *in personam,* and according to the uncontroverted averment of the plea even the property, to which the bill alleges

these defendants are inequitably making claim, is not within the state.

Nor have the corporate defendants, by transacting business within the state, or by availing themselves of any right or privilege conditionally granted by our laws, become subject to any special mode of acquiring jurisdiction over them. *Fitzgerald Co.* v. *Fitzgerald, 137 U. S. 98.*

On this record we are constrained to adjudge that these defendants have not been brought before the court by due process of law, that therefore they are not obliged to answer the bill, and should be dismissed.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Garrison, Fort, Hendrickson, Pitney, Voorhees—8.

*For affirmance*—Swayze, Vredenburgh, Vroom, Green—4.