JOHN E. LANNING

*v.*

ALBERT C. TWINING et al.

[Decided July 31st, 1906.]

1. A defendant in equity is entitled to question the jurisdiction of the court for lack of proper service *in limine* before answer.

2. In a suit by the receiver of a corporation against non-resident directors, to recover money lost to it by reason of their negligence and improper conduct, the court acquired no jurisdiction *in personam* by service by publication and mailing only.

*Mr. John S. Applegate,* for the complainant.

*Mr. Sherrerd Depue,* for the defendants.

STEVENS, V. C.

This is a suit against the directors of the Monmouth Trust and Safe Deposit Company to recover money lost by reason of

their negligent and improper conduct. The defendants White & Vreeland have put in pleas to the jurisdiction, alleging that they are not residents of this state; that they have not been served with process, and that they have not been notified otherwise than by publication and mailing. The question is whether the pleas are a defense. Complainant argues that they are "premature;" that want of jurisdiction cannot be interposed at this stage of the proceedings. The court of errors and appeals, in *Wilson* v. *American Palace Car Co., 65 N. J. Eq. (20 Dick.) 730,* has held otherwise. The contention is without merit, and the case on this branch of it is not arguable.

It is further contended, or rather suggested, that the directors of a New Jersey corporation stand, in respect of the protection guaranteed by the federal constitution, upon a different footing from ordinary defendants. No case is cited in support of this proposition, and it seems to be unsound. The legislature has not attempted to put non-resident directors, when they are sued for negligence, on any different footing, in respect of service of process, from any other class of persons when so sued. It has not sought to compel them to waive their constitutional privilege as a prerequisite to holding corporate office. The distinction made by the supreme court of the United States is between suits *in personam* and suits *in rem* or *quasi in rem*. *Freeman* v. *Alderson, 119 U. S. 185; 7 Sup. Ct. 165; 30 L. Ed. 372; Elsasser* v. *Haines, 52 N. J. Law (23 Vr.) 10; Smith* v. *Colloty, 69 N. J. Law (40 Vr.) 365; Elmendorf* v. *Elmendorf, 58 N. J. Eq. (13 Dick.) 113; Watkinson* v. *Watkinson, 67 N. J. Eq. (1 Robb.) 142; Hill* v. *Henry, 66 N. J. Eq. (21 Dick.) 150; Andrews* v. *Guayaquil and Quito Railway Co., 69 N. J. Eq. (3 Robb.) 211; Wilson* v. *Car Company, supra.* This is admitted to be a suit purely *in personam,* and I am quite unable to understand why the fourteenth amendment does not apply.

I think the pleas are good.