GEORGE EWALD, respondent,

*v.*

SOTTEN STEPHEN ORTYNSKY et al., appellants.

[Argued December 2d, 1910.   Decided March 8th, 1911.]

1. The power of the court of chancery to permit complainant to withdraw his replication to a plea of want of jurisdiction exists so long as the issue raised by the replication remains undetermined; and, where it clearly appears, that, unless the replication is withdrawn, there will be miscarriage of justice, such permission should be granted.

2. Where a domestic corporation, made a defendant in a suit in equity, filed a plea to the jurisdiction, averring want of service of subpœna, and complainant joined issue thereon, and the evidence showed service on one who was neither an officer nor an agent of the corporation, the court, to avoid a dismissal of the suit, properly permitted complainant to withdraw his replication so as to enable him to move to strike out the plea, and to set aside the service, and have a new writ against defendant.

527

3. Under chancery rule 213, authorizing objections to pleadings by motion stating the ground therefor, complainant may by motion object to the plea of defendant to the jurisdiction praying dismissal of the suit for want of service, and the court on that motion may adjudge that the plea is bad.

4. A plea by a domestic corporation made a defendant in a suit in equity to the jurisdiction of the court praying for dismissal on the ground of want of proper service of process is bad, and the court on complainant's motion may strike it out.

5. The court of chancery may set aside a service of a subpœna which has by mistake been made on a person other than defendant, and may order the issuance of a new writ and its service on defendant.

On appeal from an order of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported in *77 N. J. Eq.* (*7 Buch.*) *76.*

Mr. *Adolf L. Engelke,* for the appellants.

Mr. *Herbert C. Gilson,* for the respondent.

The opinion of the court was delivered by

Gummere, Chief-Justice.

The bill in this case seeks to have decreed to be fraudulent and null and void as against the complainant certain conveyances of, and encumbrances upon, lands of the defendant Little Russian Greek Catholic St. Peter and Paul Church of Jersey City, a corporation of this state, to have a judgment which the complainant holds against that defendant declared to be a lien upon those lands; and to have that judgment enforced against them. The Little Russian, &c., church filed a plea to the jurisdiction averring that it had never been brought into court by the service of subpœna, that by reason thereof the court did "not now, never had, and cannot have jurisdiction over it," and that the failure to serve it with process was a bar to the complainant's right to relief upon its bill, and praying that it be dismissed from the court, with its costs. The complainant replied to the plea, joining issue thereon, and the case was then referred to the vice-chancellor to take the proofs and hear the cause. At the close of the taking of the tes-

timony it clearly appeared that the service which was shown by the sheriff's return to have been made upon the defendant was, in fact, made upon a person who was neither an officer nor agent of the corporation, and that the defendant consequently had not been brought within the jurisdiction of the court. At this stage of the proceedings the court, conceiving that the plea was bad, but that notwithstanding this fact the complainant by replying to it had admitted its sufficiency, and that, consequently, if the pleadings remained upon the record, the defendant would be entitled to a decree dismissing the bill, called the attention of counsel for the complainant to this phase of the case, and then granted him leave to move to withdraw his replication and strike out the plea, and, if these motions were granted, to move to set aside the service of process against the defendant and to have a new writ issued against it. The motions were made and were heard upon notice, and after consideration by the court, were each of them granted and an order to that effect entered. From this order the defendant appeals.

The defendant's solicitor evidently presumed that by his plea he was presenting a case similar to that which was before us in *Wilson* v. *American Palace Car Co.,* 65 *N. J. Eq. (20 Dick.)* 730, in which we stated at the conclusion of our opinion (at *p.* 735) : "On this record we are constrained to adjudge that these defendants have not been brought before the court by due process of law, that therefore they are not obliged to answer the bill and should be dismissed." That the solicitor of the complainant held the same view with relation to the plea is shown by the filing of the replication. But in the case referred to the question before us for decision was whether non-resident defendants who had not been brought into court, and could not be brought in against their consent, and who declared themselves unwilling to submit to its jurisdiction, were entitled to set these facts up in a plea to the jurisdiction, and, upon establishing them, be dismissed; and what we said in the part of the opinion already quoted referred only to defendants occupying such a position. We, of course, did not intend to say, and did not say, that a defendant in an equity suit who was a resident of the state, and subject to be brought within the jurisdiction of the court by the compulsory process, could,

34

after bill filed, but before subpœna was served upon him, success-
fully challenge the jurisdiction and obtain a dismissal by plead-
ing that he had not been served.   The mere statement of the prop-
osition exposes its absurdity, for if such was the situation a de-
fendant could always defeat the complainant's claim if he could
manage to forestall the service of subpœna by filing such a plea.
And this was the identical situation disclosed by the proofs taken
on the issue tried; for service of process upon a person not an
officer or agent of the defendant corporation was not a service
upon the defendant at all, and the case stood in its legal effect as
if no subpœna had yet been issued against it.   Of course, if the
complainant's solicitor had discovered the situation before the
filing of the plea by the defendant, he would have been entitled to
set aside the return of the service made by the sheriff, and to the
issuance of a new subpœna to the defendant.   By the filing of the
plea, however, setting up facts which were alleged to be a bar to
the complainant's right to relief, the joinder of issue thereon, and
the sustaining of those facts by proof, the defendant was entitled
to a decree dismissing the complainant's bill, notwithstanding
that the facts set out did not constitute a valid defence to the suit,
provided the plea and replication were permitted to remain upon
the record.   *Fennimore* v. *Wagner,* *73 N. J. Eq. (8 Buch.) 867.*
Such was the settled practice in chancery at the time when the
plea and replication in this case were filed.   Its injustice is so
patent that is has since been annulled by a rule of court promul-
gated by the chancellor for that purpose.   The same reason led
the learned vice-chancellor to take the course the legality of which
is challenged by this appeal.   That in doing so, he did not exceed
the power vested in the court of chancery we are clear.   His first
action was to permit the complainant to withdraw his replication.
Such power has been exercised by the court of chancery almost
from time immemorial.   As early as 1747 permission to withdraw
a replication was granted by Lord Hardwick in the case of *Pott*
v. *Reynolds, 3 Atk. 565.*   In *Cowdell* v. *Tatlock, 3 Ves. & B. 19,*
Lord Elden refused to discharge an order which had been previ-
ously made granting a similar permission to the complainant.
In *Brown* v. *Ricketts, 2 Johns. Ch. 425,* Chancellor Kent recog-
nized the existence of the power of the court to permit the with-

drawal of a replication, but said that when application was made for leave to do so for the purpose of enabling the complainant to except to the answer, it would not be granted unless upon special cause clearly shown. It may be admitted that such leave ought rarely to be granted after the taking of testimony and its submission to the court, but it cannot be said that even in such a situation the power to do so is exhausted. Such power necessarily exists so long as the issue raised by the replication remains undetermined, and when it clearly appears that unless the replication is withdrawn there will necessarily be a miscarriage of justice, such permission should always be accorded. Such was the situation which the present case disclosed, and the vice-chancellor rightly granted the application. The replication being out of the way, the plea remained. Under the old practice, if the complainant deemed a plea to be bad, the case went to hearing upon the plea. *Davison* v. *Johnson, 16 N. J. Eq. (1 C. E. Gr.) 112.* But by the two hundred and thirteenth chancery rule he is no longer required to do so, and may, if he so desires, present his objections to the plea upon motion. This was the course pursued in the present case, and the question of the validity of the plea was properly before the court for consideration and determination. That the vice-chancellor was right in holding the plea bad is apparent from what has already been stated. The power of the court of chancery to set aside the service of a subpœna which has by mistake been made upon a person other than the defendant, and to order the issuance of a new writ and its service upon the defendant, we have already declared.

The order appealed from will be affirmed.

*For reversal*—None.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Congdon—13.