HENRY BRIMBERG

*v.*

HARTENFELD BAG COMPANY, a corporation, et al.

[Decided October 5th, 1918.]

1. Where non-resident defendants, on return of order to show cause in chancery, file special appearance for the purpose of contesting jurisdiction. but make no motion to set aside service of process or to dismiss bill, they cannot question the court's jurisdiction of the subject-matter or its authority to make the order asked for; their right to be heard, if any they have, is as to whether they can be required to respond to the order.

2. Goods in possession of a common carrier upon which there has been issued a negotiable order bill cannot, in view of the act of congress and the statute of this state, be attached unless the bill has been surrendered to the carrier or negotiation has been enjoined, by which is meant effective restraint, the bill being the *res* rather than the goods.

3. A railroad will not be enjoined from delivering possession of goods in its possession upon which a negotiable order bill has been issued, and which have been attached where the bill and its holder are out of the court's jurisdiction; the effective restraint of the bill's negotiation being necessary to make the goods subject to attachment.

On bill, &c.

*Mr. David H. Bilder,* for the complainant.

*Mr. Samuel F. Leber,* for the respondents Hartenfeld Bag Co., Michael Gesas and Isaac Steinhaus.

*Mr. Walter J. Larrabee,* for the respondent Delaware, Lackawanna and Western Railroad Company.

LANE, V. C.

This is a hearing on return of an order to show cause why, pending the suit, defendant railroad should not be restrained

from delivering possession of certain goods in its possession as common carrier, and why defendant Gesas should not be restrained from demanding possession of the goods and from negotiating a negotiable order bill alleged to be in his hands.

The bill sets out that defendant Hartenfeld Bag Company, a foreign corporation, not authorized to do business in this state, is a debtor of complainant; that to secure his debt complainant caused a writ of attachment to be issued, under which the sheriff took possession of goods in possession of the railroad, property of the Hartenfeld company; that it was claimed that the Hartenfeld company had negotiated an order bill covering the goods to one Michael Gesas, a resident of Illinois; that the bill was in the actual possession of defendant Isaac Steinhaus, an attorney-at-law, resident in New York; that said Steinhaus, as attorney for Gesas, had presented the bill to the railroad company and demanded possession of the goods; that a motion was about to be made in the supreme court to set aside the execution of the writ of attachment upon the ground that defendant railroad was a common carrier and the goods were, while in its possession, protected from attachment by virtue of the act of congress, August 29th, 1916, section 23, *Comp. Stat. 1916, p. 9316*; section 8604, as well as by section 24 of chapter 156, *N. J. Law 1913; P. L. 1913, p. 244.* Complainant alleges that Gesas is not a *bona fide* holder for value of the bill and that the goods are really the property of the Hartenfeld Bag Company, and prays that it may be so adjudged and that the negotiation of the bill may be enjoined.

Respondents Hartenfeld Bag Company, Gesas and Steinhaus, on the return of the order attempted to appear specially for the purpose of contesting the jurisdiction of the court. All that they have attempted to file is a special appearance. No motion has been made on their behalf to set aside service of process or to dismiss the bill. The sole question upon which they would be entitled to be heard under a special appearance, if they are entitled to be so heard, is whether they are required to respond to the order. This is in harmony with the view of the chancellor in *Allman* v. *United Brotherhood of Carpenters.*

&c., *79 N. J. Eq. 150;* affirmed on his opinion, *Ib. 641*. There is nothing in the *Allman Case* which suggests that the same sort of litigation may not be had over the defendant's liability to respond to an order to show cause as on a subpœna or other process in the main cause. They are not entitled to be heard on the return of the order to show cause, under such a special appearance, upon the question as to whether the court has jurisdiction of the subject-matter, or whether the court has authority to make the order asked for by complainant. In the present state of the pleadings I will decline to consider the rights of the non-resident respondents except so far as necessary to dispose of the objection of the railroad company.

Prior to the passage of the Chancery act of 1915 it had been held by the court of errors and appeals in *Wilson* v. *American Palace Car Co., 65 N. J. Eq. 730,* and *Puster* v. *Parker Mercantile Co., 70 N. J. Eq. 771,* that a plea to the jurisdiction of the court might be filed by a foreign corporation which could not be served with process within this state and that such a defendant might demand *in limine* the judgment of the court whether it should answer the bill. Vice-Chancellor Garrison, in *Groel* v. *United Electric Co. of N. J., 69 N. J. Eq. 397,* was constrained by the authority of the *Wilson Case* to uphold a plea to the jurisdiction filed by a foreign corporation alleging that service had not been effectively made upon it, although attempted to be made in this state, and it was not subject to service within the jurisdiction. Since the determination of these cases pleas have been abolished, and those matters which formerly could be taken advantage of by plea must now be taken advantage of by motion. Vice-Chancellor Garrison, in *Ewald* v. *Ortynsky, 77 N. J. Eq.* (at *p. 76*), again examined the subject-matter, which he had previously examined to a considerable extent in the *Groel Case,* with great care and held that the decided cases did not apply to the case of a domestic corporation so as to warrant it in setting up defective service of process by a plea to the jurisdiction. On page 88 of the report he expresses his difference from the determination of the court of errors and appeals in *Wilson* v. *American Palace Car Co.* The

court of errors and appeals affirmed his determination (*78 N. J. Eq. 527*), and while not referring to the language of Vice-Chancellor Garrison, yet I think, by the language of the chief-justice (at *p. 529*), it must be considered as having approved its prior determination and the language used is broad enough to include non-resident individual defendants as well as foreign corporations.

Feeling as I do, that the observations of Vice-Chancellor Garrison in the *Groel* and *Ewald Cases* were justified and that the proper practice would be as pointed out by him, and that a non-resident defendant, who does not desire to submit to the jurisdiction, should not be entitled to have a bill dismissed as to him, but only to have improper methods which may have been attempted to be used to subject him to the jurisdiction set aside, and at the most to secure the judgment of the court whether he must answer the bill in response to any process then served, or attempted to be served, and that to secure such judgment he must come in under a conditional as distinguished from a special appearance, I am unwilling, pleas to the jurisdiction having been abolished, to indicate what I consider the proper practice and the proper form of motion, until I am obliged to, and I am not obliged to now, no formal motion having been made by the non-resident respondents. The individual non-resident defendant may be at the present time not subject to service of process; *non-constat,* that to-morrow he will not come within the jurisdiction. The bill will have been dismissed as to him. Before a new one can be filed and process issued he may have again departed the jurisdiction. In view of our rule that a suit is not commenced (except for certain purposes not necessary to be here considered) and therefore process cannot issue and be served until the bill is actually filed in Trenton, I can conceive that by proper diligence of counsel, a resident of New York or Pennsylvania may be in New Jersey almost daily, and yet not subject himself to service of process, except theoretically.

I will consider the matter from the standpoint of the railroad company.

The federal statute provides *inter alia* that goods in the possession of a carrier upon which there has been issued negotiable order bill may not be attached by garnishment or otherwise or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation enjoined; that the carrier shall in no case be compelled to deliver the actual possession of the goods until the bill is surrendered to it or impounded by the court; that a creditor whose debtor is the owner of an order bill shall be entitled to such aid from courts of appropriate jurisdiction by injunction and otherwise in attaching such bill or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process. The provisions of the New Jersey statute are similar. The purpose of the legislation undoubtedly is to protect goods in transit and in possession of a carrier against seizure until the carrier should be first liberated from liability and attack by the surrender of the order bill. The legislature has made the bill the *res* rather than the goods. The term "enjoined" used by the legislature must imply effective restraint.

It appears that the holders of the bill and the bill itself are without the jurisdiction of this court so that this court is without power to effectively enjoin negotiation. Application for such relief will have to be made either in the jurisdiction where the bill or the holder is. If it appeared that attempts were being made in other jurisdictions to enjoin the negotiation of this bill, and application were made to this court for relief in aid of such proceedings, for instance, to enjoin the railroad company from delivering the goods except upon presentation and surrender of the order bill or to compel the railroad company to hold the goods a reasonable time to permit application to be made to the proper tribunals for relief, a different situation would be presented, and I express no opinion as to how it should be determined. While the paramount purpose of the provisions of the act referred to is to protect carriers and *bona fide* holders for value of order bills, yet the rights of creditors to relief against fraudulent practices is not to be overlooked. Where, as in this case, the goods are in one state, the order bill in another

and the alleged holder of the order bill in still another, it may well be that courts of equity acting in the three jurisdictions will simultaneously go so far as each may in protecting the rights of creditors, although no one court may be able, without the aid of the others, to make a decree which will be effective as against all parties. The legislation is new, is an innovation upon the common law, and I think the court should go slow in construing it. In the case at bar, ample opportunity has been given to complainant to institute proceedings in either the jurisdiction where the alleged holder of the order bill is, the bill itself is, and no such proceedings have been instituted.

The order to show cause will be discharged. Settle order on twenty-four hours' notice.