LEHIGH VALLEY RAILROAD COMPANY, respondent,

*v.*

JOHN E. ANDRUS, appellant.

[Decided November 15th, 1920.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Backes, and reported in *91 N. J. Eq. 225.*

*Mr. Edward O. Stanley* and *Mr. John R. Hardin,* for the appellant.

*Mr. Robert J. Bain* and *Mr. David A. Newton,* for the respondent.

PER CURIAM.

The order appealed from is one denying a motion of the defendant to dismiss the bill of complaint and directing answer within twenty days. The ground upon which the motion was rested are (1) that the bill discloses no cause of action; (2) that the bill fails to state facts sufficient to constitute any cause of action; (3) that the bill does not entitle complainant to the relief prayed for therein, or any other relief in the premises.

The material facts exhibited in the bill are as follows: The complainant is in the occupation, under a lease, of certain lands in Bayonne. The original lease is dated June 5th, 1889, and made between Andrus, the defendant, and the owner, Sheehan. It was afterwards assigned to the complainant. The term of the lease is sixty years. The annual rental was made payable quarterly in advance, the amount for the first twenty years being fixed at $4,250. The lease then provides that the annual rent for the succeeding twenty years should be fixed by arbitrators, each party naming one, and, in case they should fail to agree, they are required to select an umpire, and the award of any two

of these three, signed and delivered to the parties on or before the expiration of the first twenty years of the term is made binding upon them. When the time came for fixing the rental for the second twenty years the parties supplemented the original lease by providing that the arbitrators should fix the rental for the succeeding twenty years in ten-year periods. This was done, and for the first ten-year period it was fixed at $7,500 per annum. When the time came for the fixing of the rent for the next ten-year period arbitrators were appointed, but they were unable to agree, and so the selection of an umpire became necessary. The arbitrators, however, failed to make such selection, and so the arbitration fell through. The purpose of the bill is to have the court of chancery fix the rental for this ten-year period. The contention on the part of the defendant that the court of chancery is without jurisdiction to grant the relief sought is rested largely upon the fact that the lease contained a provision that

"If for any cause a valid award fixing rentals shall not be made and delivered at or within the times above limited, then the landlord may recover by action from time to time, at law or in equity, a fair quarterly compensation for the use and occupation of the demised premises."

The argument is, that this provision of the lease furnishes the only method by which the amount of rental, payable under the lease, in the event of the failure of the arbitration scheme, can be determined. The learned vice-chancellor reached the conclusion that, on the facts recited, a cause for equitable relief was exhibited; and that the provision of the lease appealed to by the defendant was no bar to the exercise of that relief. We concur in the conclusion reached by him and adopt his opinion on the question of jurisdiction.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON—12.

*For reversal*—BLACK—1.