Under the provisions of the will of Horace M. Swetland, deceased, Maurice J. Swetland, trustee, under a trust created by the decedent in his lifetime, under date of July 14th, 1917, is presently entitled to receive approximately $18,000 of distributable income from said estate. While the trust is not testamentary, but created inter vivos, the sole trust estate now consists of property the subject of a bequest in the decedent's will. (For a copy of the will and trust agreement, seeSwetland v. Swetland, 100 N.J. Eq. 196, in which the will was construed.) The trustee has already received, pursuant to said bequest, in excess of $20,000 from the executors of the Swetland will. The sole beneficiaries of the trust of July 14th, 1927, and the primary beneficiaries of the bequest, are the wife and children of the trustee, who are the petitioners here. They allege the misapplication and *Page 605 
dissipation of the entire trust estate that has thus far come into the possession of the trustee and ask this court to enjoin the executors of the Swetland will from making further payments to him on account of the bequest to which I have referred; the removal of Maurice J. Swetland as trustee, and the appointment of a new trustee in his place and stead. On this motion it may be assumed that the only remaining assets of this trust estate consist of funds in the hands of the executors of the Swetland will and therefore subject to the jurisdiction and control of this court.
Maurice J. Swetland, the trustee, is a non-resident of New Jersey, presently residing in Connecticut. Notice of this proceeding was served upon him outside the State of New Jersey. A special appearance has been filed on his behalf without leave of court for the purpose of challenging the "jurisdiction and power of this court to compel him to appear in the aforesaid action and for no other purpose." I have already held in Swetland v.Swetland, 105 N.J. Eq. 608, which is a suit against the same trustee for an accounting, that a special appearance filed in that court, without leave, for the purpose of addressing a motion to the jurisdiction, amounts to a general appearance. The same rule applies here.
Aside from this fact, the present proceeding arises on an accounting by the executors and trustees of the Swetland will, of which Maurice J. Swetland is one. He, as trustee under the July 14th, 1917, trust, is a party to the proceeding and is already in court. I have no doubt of the jurisdiction of this court over the person of Maurice J. Swetland in this proceeding nor have I any doubt of the power of this court to grant relief if the allegations of the petition are sustained. Conover v. Fisher,36 Atl. Rep. 948; Chase v. Chase (Sup. Ct. of Mass.), 2Allen 101; 2 Perry Trusts (3d ed.) § 620. It is unthinkable that, with full knowledge of the unfaithfulness of the trustee and the practical certainty that he will misapply and dissipate whatever additional trust funds come into his hands, this court cannot withhold from him such of the trust property as is now within its control, and by *Page 606 
decree of this court makes such disposition of it as will insure its application to the purposes intended by the testator. Whether it should be to a trustee to be appointed by this court, or by some other court having jurisdiction over the administration of the trust estate, need not be now decided. It is sufficient that the arm of this court is long enough and strong enough to withhold from a recreant trustee title to any more New Jersey property, the subject of a bequest in a New Jersey decedent's will, to squander and dissipate to the injury of his cestuis quetrustent.
I will advise a decree in accordance with these conclusions. *Page 607