On complainant's writ of attachment against defendant, the sheriff attempted to attach shares of the capital stock of Elblum Holding Corporation standing in the name of defendant. But the stock certificate was outside the State of New Jersey in the possession of the defendant, who is a resident of New York, and was not actually seized by the sheriff. Complainant, to satisfy the Uniform Stock Transfer law (Rev. Stat. 14:8-39), thereupon filed his bill praying that defendant be enjoined from transferring the certificate, and obtained an order to show cause why defendant should not be so enjoined pendente lite, and containing ad interim restraint. Then, by order dated April 20th, 1938, defendant was given leave "to file a special appearance in this cause without submitting anywise to the jurisdiction of this court, for the purpose of contesting the jurisdiction of this court *Page 134 
over him to grant the relief specified in said order to show cause." The same day he filed his special appearance and the day following notified complainant that he would move to discharge the order to show cause for reasons that must thus be summarized: Because of defendant's non-residence, no subpoena to answer can be served and no final decree can be made against him; hence the court is without jurisdiction to grant relief on the order to show cause, since interlocutory relief must be in aid of final relief. That motion was argued before my colleague Vice-Chancellor Berry and decision reserved.
In this situation, complainant, on May 27th, served notice that he would apply for an amendment of the order granting defendant permission to appear specially so as to provide that if the issue of jurisdiction be decided against defendant, "his appearance shall then be deemed and considered to be a general appearance in this suit." Such is the application with which I must deal.
I doubt my jurisdiction to amend. The court of errors and appeals in Fidelity Union Trust Co. v. North Jersey PoultryCo., 123 N.J. Eq. 259, held that chancery cannot entertain a petition to open or vacate an interlocutory order after the expiration of the statutory period allowed for an appeal from such order, except for fraud or newly discovered evidence. There the moving party proceeded on petition; here on notice for alleged error apparent; there the application was to vacate; here it is to amend. The distinction, however, is unimportant, since the decision went on the theory that an interlocutory order passes out of control of chancery with the expiration of the time for appeal. The order now in question was made April 20th; the time limited for appeal expired May 21st; not until May 27th was notice of the motion to amend given. However, I need not decide the motion on such a technical ground.
When defendant petitioned for leave to enter a special appearance, if I had imposed the condition which complainant desires, defendant might well have decided not to appear, but to permit the order to show cause to be heard in his *Page 135 
absence, intending to remain outside the state so that the court would lack jurisdiction over him for the purpose of a final decree. But the condition was not imposed and whether or not the order was erroneous, it was a valid act of the court on which defendant relied. It would be most inequitable, now to give his appearance a different effect from what it had at the time it was filed. Complainant cites as a precedent for such an amendmentStandard Embossing Plate Manufacturing Co. v. American SalpaCorp., 113 N.J. Eq. 246. But Chancellor Campbell was careful to state that the amendment was not opposed.
Another ground for denying the motion is that the condition which complainant asks to have incorporated is too sweeping. The granting of an order to show cause why an injunction should not issue, with an interim stay, brings the litigation before the court for a limited purpose only, and is not the institution of the suit. Likewise if a defendant appears on return of the order to show cause, files answering affidavits and argues the meritorious question whether the interlocutory injunction should issue, such appearance has only a limited effect. It merely subjects defendant to the jurisdiction of the court for the purpose of the motion, but not for the purpose of a final decree. A subpoena to answer must still be issued and served before the court has such jurisdiction over the person of defendant as will support a final adjudication. Allman v. United Brotherhood ofCarpenters, c., 79 N.J. Eq. 150; affirmed, Id. 641; Hermann v.Mexican Petroleum Corp., 85 N.J. Eq. 367; Forstmann HoffmanCo. v. United Front Committee, c., 99 N.J. Eq. 696, 701;Eckel v. Shell Eastern Petroleum Products, Inc., 113 N.J. Eq. 498.
Now complainant in the instant case desires that defendant be put in jeopardy for questioning the court's jurisdiction over him, that he be required — in event his objection is overruled — to appear generally in the suit so that the court without issuing a subpoena may proceed to final hearing. I know of no reason why defendant should be made to submit to such a condition in order to raise the question of jurisdiction. *Page 136 
Complainant relies on dicta in Hervey v. Hervey, 56 N.J. Eq. 166
(reversed in part, Id. 424); Swetland v. Swetland,105 N.J. Eq. 608; affirmed, 107 N.J. Eq. 504; Standard EmbossingPlate Manufacturing Co. v. American Salpa Corp., supra. But nothing said in those opinions supports the notion that leave to appear specially on a preliminary motion should be so conditioned that the appearance may have an effect greater than if defendant had appeared generally on the motion.
Amendment denied.