With one essential difference the subject-matter and the facts of the present litigation are the same as in Elgart v. Mintz, reported in 123 N.J. Eq. 404. That difference is that in the previous cause the order to show cause had been served upon the defendant, Mintz, outside the State of New Jersey whereas in the instant case the order was served upon him within this state. The present bill of complaint was filed by leave of court after the former bill was dismissed.
Both complainant and defendant live in New York. The complainant, alleging that the defendant owes him $10,850, has brought suit against him in our supreme court, and has caused a writ of attachment to be issued seeking to attach one hundred and sixty shares of stock of the Elblum Holding Corporation, a corporation of New Jersey, owned by the defendant. The writ directs the sheriff of Morris county, in which the principal office of the company is located, to attach the defendant's rights and credits, moneys and effects, goods and chattels, lands and tenements.
Pursuant to the Uniform Stock Transfer act (P.L. 1916 p. 398) an injunction is sought in this court to restrain the defendant from assigning, transferring, selling, mortgaging or in any way disposing of the stock until such time as complainant shall recover a judgment at law, and restraining the company from making or permitting any transfer of the stock upon its books.
When the complainant filed his first bill of complaint he obtained an order to show cause, with ad interim restraint, and served it upon the defendant in the State of New York. The defendant filed a petition asking leave to appear specially for the purpose of contesting the jurisdiction of this court, and on his motion the service of the order to show cause was set aside in accordance with the published opinion above referred to.
The basis on which I rested my conclusion that the service of the order to show cause beyond our borders would have to be vacated is stated in the following language (123 N.J. Eq. 409): *Page 138 
"Concededly, the stock certificate here involved has not been seized by the attaching officer or surrendered to the corporation which issued it; but it is claimed that the transfer of that certificate has been enjoined and that, therefore, actual seizure is not necessary. But it will be noted that under the provisions of section 13 of the Uniform Stock Transfer act it is the `transfer by the holder' which must be enjoined. In the instant case it is only the transfer by the corporation which has been enjoined, unless the service of the restraining order upon the defendant Mintz, the stockholder, outside of the state, is a compliance with this requirement of the act. The statute requires an effective injunction. * * *"
Page 411:
"* * * And so here, the legislation (the Uniform Stock Transfer act) has made the certificate rather than the proportionate share of the corporate assets which it represents, the res for purposes of attachment and levy; and in the absence of manucaption or surrender of the certificate, there must be an effective restraint against the `holder' of the certificate.
"It is elementary that this court usually acts in personam, and necessarily so in issuing an injunction or decree that a party shall or shall not do a certain act or thing. Reichert v.United Brotherhood, c., 14 N.J. Mis. R. 106. An injunction inpersonam is ineffective beyond state borders in a personal action. * * *"
The defendant has again received permission to enter a special appearance, this time with respect to the second bill of complaint and the new order to show cause. In his petition he seeks permission to file a special appearance "for the purpose of contesting the jurisdiction of this court over him to grant the relief specified in said order to show cause, and for the judgment of this court as to whether he should be compelled to appear in response to said order to show cause, and to move to discharge or dissolve said order to show cause." This motion is not addressed to the bill of complaint, nor does it seek to set aside the service of the order to show cause — for the obvious reason that service was made *Page 139 
upon him personally in Jersey City, in this state, within the time fixed by the order. The unimpeachable service within this state is the distinguishing feature in the present litigation, and subjects the defendant to the jurisdiction of this court for the limited purpose for which he was served. The defendant contests the jurisdiction of this court solely because of his non-residence and the presumed impossibility to serve process upon him. He argues that because of these facts this court has no right to issue an order to show cause or a preliminary injunction. He protests vigorously that he is not compelled to answer until subpoena is served upon him, and that he must be brought in by subpoena before this court can acquire any jurisdiction over him.
It is evident that the defendant misconceives his present position. He is not being called upon to answer. The order served upon him requires only that he show cause why a preliminary injunction should not be issued against him. That is a limited purpose, as described by Vice-Chancellor Backes in Hermann v.Mexican Petroleum Corp., 85 N.J. Eq. 367, in the following language (page 371):
"The presentation of a bill to the chancellor, and the granting thereon of an order to show cause why an injunction should not issue, with an ad interim stay, brings the litigation before him for a limited purpose, and is not the institution of the suit. It is merely before him on a motion to consider the question whether an injunction should issue when the suit should be commenced; to which the defendant enters but a special appearance for the purpose of combating the application, a privilege accorded him, which has grown into popular practice within recent years. The earlier method was to, in the first instance, grant a preliminary injunction, with the sealing of which a subpoena had to be issued, and, obviously, because the writ of injunction could not go forth except in a suit which had been begun. * * *." And see Doan v. Collins-Doan Co., 122 N.J. Eq. 399
(at p. 402).
Every state has the power to prescribe the reasonable notice which shall be given in order to subject defendants to the jurisdiction of its courts, and it is of no consequence what *Page 140 
the form of such notice may be. Pierce v. Old Dominion Miningand Smelting Co., 67 N.J. Eq. 399, 410; Gondas v. Gondas,99 N.J. Eq. 473, 478.
As to the constitutional requirements of such notice, seeLouisville and Nashville Railroad Co. v. Schmidt,178 U.S. 230, and Rogers v. Peck, 199 U.S. 425.
The defendant was served within this state in the manner prescribed by our practice, and he has been properly called upon to respond to the order served upon him. I am not unmindful ofWilson v. American Palace Car Co., 65 N.J. Eq. 730. It was cited in my previous opinion. In that case, however, the defendants had not been served with process or notice of any kindwithin the state.
The defendant insists that the complainant will not be able to serve him with a subpoena in this state, and that, therefore, no order for preliminary injunction should be made. In view of the effective service of the order to show cause here involved, the argument is specious, or, at best, premature. If I were to indulge in futures I should say that there is more probability of his being served with process in this state than not. He is a director of a New Jersey corporation and attends its meetings. His parents live here and he visits them. He has property interests here. But in any event the court can deal with the matter of service of subpoena in due course. Rule 221, Chancery rules of 1938, is as follows:
"The writ of injunction, when ordered, shall be issued within five days from the date of the order or fiat therefor, and served within fifteen days after the issuing thereof; and return of such service shall be made to the court as provided in rule 229, and on failure thereof the defendant shall be entitled to a dissolution of the injunction, unless the court shall by order give further time for the service and return of the writ."
Under that rule the court can deal with an application by the defendant to dissolve the injunction if subpoena is not served within proper time.
I am satisfied that the present motion should be denied, and I shall so advise. *Page 141