One of the defendants, Milton Jacoby, appears specially by leave of the court, and moves to set aside service against him by publication for the reason that this is a suit in personam and not in rem.
Jacoby, who is a resident of the State of New York, obtained separate judgments in the Essex County Circuit Court, against one Jacob Englander and the complainant Louis B. Englander on a promissory note made by the former and endorsed by the latter. Jacob Englander was the principal debtor and complainant was in the position of surety. Jacob is the owner of a certain retail business conducted in Orange, New Jersey, which he caused to be put in the name of his wife Julia and his wife's uncle, Aaron Newman, in order to hinder, delay and defraud his creditors; or so the bill avers. The bill prays, among other things, that the principal debtor exonerate complainant; that the court decree that the retail business is the property of Jacob and liable for the judgment. Execution against and sale of the property may be had if the facts warrant, although this relief is not expressly prayed for. Annin v. Annin, 24 N.J. Eq. 184; Van Dyke v. VanDyke, 72 N.J. Eq. 300; Martin v. Morales, 102 N.J. Eq. 535.
This is not a case in which the debtor had legal title to assets and transferred them fraudulently. But rather it *Page 338 
seems that the debtor purchased from a third party and had the vendor transfer title directly to his nominees. In either case, the property is equally available to creditors under the provisions of the Uniform Fraudulent Conveyance Law, R.S.25:2-7. Sweeney v. Carroll, 118 N.J. Eq. 208 (at p. 214). Complainant in his own right has no standing to attack the transfer since he is not a judgment creditor. But, from the principles relating to exoneration of sureties, he may perhaps derive from the judgment creditor a foothold for the attack.Greenberg v. Leff, 104 N.J. Eq. 502. Such is the theory of the bill — a suit to set aside a fraudulent conveyance, brought by a surety, in the right of the judgment creditor. Whether the bill would be sustained against a motion to dismiss for want of equity, I do not have to decide.
Our statute authorizing notice to non-resident defendants by publication and mailing, is comprehensive and extends to all cases where principles of due process do not require actual service within the state. R.S. 2:29-28; McAvoy v. Baumann,93 N.J. Eq. 360, 638.
In a suit quasi in rem, that is, a suit against a person in respect to a "res" which is within the state and under the control of the court, service of process within the state is not needed to support a decree which operates directly on the res.Hill v. Henry, 66 N.J. Eq. 150. The typical res is land, or chattels seized on attachment at the outset of the suit, but it may be any object within the power of the court. Jurisdiction depends on physical power. Redjina v. Provident Institution,96 N.J. Eq. 346. Thus in a suit to determine and enforce the rights of complainants as stockholders in a New Jersey corporation, other stockholders may be brought in by publication and will be bound by the adjudication of complainant's interest in the res. Geach v. Colt, 128 N.J. Eq. 495. So with a suit to reform an insurance policy, which is brought into court by the complainant, the insurer being served within the state, a non-resident beneficiary may be served by publication. Cameron
v. Penn Mutual Life Insurance Co., 111 N.J. Eq. 24.
"The filing of a judgment creditor's bill for the purpose of setting aside a fraudulent conveyance, and thereby subjecting *Page 339 
the property to the payment of the judgment of the creditor, and the service of process thereunder, creates a lien in equity upon the equitable estate of the debtor in the property so conveyed."Bradley v. United Wireless Telegraph Co., 79 N.J. Eq. 458;83 N.J. Eq. 688. It is an equitable execution. In the present instance, process has been served, within the state, upon the holders of the legal title. In this manner, the property, the assets in the name of Julia Englander and Newman have been brought under the power of the court and jurisdiction acquired to render a decree, setting aside the alleged fraudulent transfer. Jacoby is a necessary party, that he may receive whatever money may be forthcoming and also, since the complainant is not the judgment creditor, in order to give a basis for contesting the transfer. Jacoby, notified of the suit and given opportunity to participate in the litigation, will be concluded by the decree in so far as the decree operates upon the res. Quarl v. Abbett
(Ind.), 1 N.E. Rep. 476; Shuck v. Quackenbush (Colo.),227 Pac. Rep. 1041; 38 A.L.R. 259; 50 C.J. 503; 126 A.L.R. 664.
There is another side to the case. The bill sets forth, as I have already mentioned, that Jacoby recovered judgment in the Essex Circuit Court against complainant. From the judgment, complainant appealed to the Supreme Court and filed a bond to secure payment of the judgment in the event of affirmance. The judgment was affirmed and Jacoby has begun an action in the Circuit Court against the surety on the bond. Complainant, on sundry grounds, prays that Jacoby be restrained from proceeding with execution on the judgment against complainant, or with further prosecution of his suit against the surety, until he has exhausted his remedies against Jacob Englander. Such relief is a remedy in personam.
The federal courts have developed the rule that when a court has acquired jurisdiction over the person of a litigant, either plaintiff or defendant, and thereafter an ancillary suit or proceeding is instituted against him, constructive service of process is sufficient because jurisdiction obtained in the original action supports the jurisdiction in the ancillary *Page 340 
one. Within the meaning of this rule, a suit to enjoin prosecution of an action or execution of a judgment is ancillary.Dunn v. Clarke, 8 Pet. 1; 8 L.Ed. 845; Higgins v.California, c., Growers (C.C.A.), 282 Fed. Rep. 550; 30C.J.S. 627. A party who appears in a cause submits himself to its jurisdiction in respect to those outreaches of the case which are reasonably to be anticipated. New York Life Insurance Co.
v. Dunlevy, 241 U.S. 518; 36 S.Ct. 613. The decisions laying down this rule have dealt with an ancillary suit in the same court as the original — usually one in the equity side and one in the law side of a federal court. If our New Jersey Circuit Courts had both law and equity jurisdiction, and the suit which is before me were pending in the Essex Circuit Court, the analogy would be complete. But inasmuch as we have separate courts of law and equity, complainant, of necessity, came into Chancery. I do not regard this distinction as vital. When Jacoby applied to the Circuit Court for aid, he submitted himself to the jurisdiction of the judicial department of the state, in respect to the cause of action alleged in his complaint — to the jurisdiction not only of the Circuit Court, but of the Supreme Court, on appeal, and also of the Court of Chancery in the event equitable grounds exist for interfering with the proceeding in the law court. He may be brought into Chancery without personal service of process. Our system of separate tribunals of law and equity does not lessen the power of the state to grant justice.
 Defendant's motion to vacate will be denied. *Page 341