Apprehending that United Brotherhood of Carpenters and Joiners of America, a national union having its seat and principal office in Indianapolis in the State of Indiana, might have some distinct and material interest in the subject-matter of this cause, the complainants amended their bill of complaint to conjoin the Brotherhood as a party defendant, and *Page 494 
they have sought to cite that non-resident defendant by means of an order of publication.
With the permission of the court the Brotherhood has entered a special appearance in the cause and now applies by motion for an order "setting aside and quashing" the substituted service. The reasons assigned in support of the application are (1) that the said defendant is not a resident of the State of New Jersey; (2) that there has been no personal service of process on it within this state; and (3) that the defendant has "no interest in rem
or quasi in rem" in the subject-matter of the present cause.
Initially, I observe that the order directing publication and the service of notice thereunder appear to be conventional and in conformity with the statute. R.S. 2:29-28; N.J.S.A. 2:29-28.
That vicarious method of imparting notice of a pending cause of action to a non-resident defendant who is alleged to have some material interest in the litigation is lawfully authorized without any statutory limitation arising merely from the nature of the suit. And so it may be said that the present application fails to expose anything unmethodical in the granting of the order of publication and the communications of notice in fulfillment of its directions. Vide, Post v. Kirkpatrick,53 N.J. Eq. 641; 33 Atl. Rep. 1059.
However, proofs of the publication and mailing of the notice have been placed on file and remain uncontroverted. It is in such a situation that the Brotherhood appears specially to deny the acquisition of jurisdiction over it by substituted service and seeks by its motion to project for determination in limine the question of jurisdiction.
One may indulge with interest and with some degree of perplexity in a study of our reported decisions in quest of the prescriptive and proper procedure by which to challenge the effectiveness of such substituted service. A special appearance by leave of the court is, of course, essential if the service is sought to be attacked by a motion without the hazard of a general appearance. Swetland v. Swetland, 105 N.J. Eq. 608, 619;149 Atl. Rep. 50; affirmed, 107 N.J. Eq. 504; 153 Atl. Rep. 907. *Page 495 
Formerly, the point could be raised by a plea to the jurisdiction of the person, filed without express leave. Doubtless it can now be presented by an answer which is the modern capsule of such pleas. Ch. R. 70; McVoy v. Baumann,93 N.J. Eq. 360; 117 Atl. Rep. 717; affirmed, 93 N.J. Eq. 638;117 Atl. Rep. 725. The cases disclose that the efficiency of substituted service has been variously raised in this court by motion to strike the bill where the non-resident has been the only defendant, by plea, by motion to quash the service, and by order to show cause why the order of publication should not be vacated.
The following citations are pertinent to the subject, and I donate them to those who are inquisitive: Albert v. ClarendonLand Investment and Agency Co., 53 N.J. Eq. 623; 23 Atl. Rep. 8;Wilson v. American Palace Car Co., 65 N.J. Eq. 730;55 Atl. Rep. 997; Andrews v. Guayaquil and Q.R. Co., 69 N.J. Eq. 211;60 Atl. Rep. 568; affirmed, 71 N.J. Eq. 768; 71 Atl. Rep. 1133;Groel v. United Electric Co., 69 N.J. Eq. 397;60 Atl. Rep. 822; Lanning v. Twining, 71 N.J. Eq. 573; 64 Atl. Rep. 466;Amparo Mining Co. v. Fidelity Trust Co., 74 N.J. Eq. 197;71 Atl. Rep. 605; affirmed, 75 N.J. Eq. 555; 73 Atl. Rep. 249;Ewald v. Ortynsky, 77 N.J. Eq. 76; 75 Atl. Rep. 577; affirmed,78 N.J. Eq. 527; 79 Atl. Rep. 270; McBride v. Garland, 89 N.J. Eq. 314; 104 Atl. Rep. 435; Brimberg v. Hartenfeld Bag Co.,89 N.J. Eq. 425; 105 Atl. Rep. 68; Lehigh Valley Railroad Co. v.Andrus, 91 N.J. Eq. 225; 109 Atl. Rep. 766; affirmed, 92 N.J. Eq. 238; 112 Atl. Rep. 307; Apgar v. Altoona Glass Co., 92 N.J. Eq. 352; 113 Atl. Rep. 593; McVoy v. Baumann, supra; In reSwetland, 105 N.J. Eq. 603; 148 Atl. Rep. 744; affirmed, 107 N.J. Eq. 504; 153 Atl. Rep. 907; Cameron v. Penn Mutual LifeInsurance Co., 111 N.J. Eq. 24; 161 Atl. Rep. 55; Elgart v.Mintz, 123 N.J. Eq. 404; 197 Atl. Rep. 747; 124 N.J. Eq. 133;200 Atl. Rep. 550; 124 N.J. Eq. 136; 200 Atl. Rep. 488;Englander v. Jacoby, 132 N.J. Eq. 336; 28 Atl. Rep. 2d292.
I need venture no further in the province of the present motion than to say that where the decision of the question turns as here solely upon whether the cause is one in personam *Page 496 
or in rem or quasi in rem, and the underlying factual subject-matter appears on the face of the bill, objection may properly be introduced on special appearance by motion. Where the notice of the motion in such circumstances is broad enough to encompass the debatable jurisdiction of the court to render in the cause any effective decree against the non-resident defendant so summoned by publication, a prompt determination of that issue in a summary proceeding would seem to me to be expeditious and consonant with procedure modernly desirable. Such a preliminary inquiry affords the non-resident defendant an opportunity to ascertain prior tempore whether he is obliged or not to answer the bill of complaint.
I shall accordingly consider the merits of the present application.
It is evident from a survey of the characteristics of the subject-matter of this suit that the complainants are not endeavoring to impose any injunctive restraint or any liabilityin personam upon the Brotherhood. The funds of the resident defendant local unions are in the custody of receivers appointed by this court in this cause. The complainants seek to augment those funds by the recovery of moneys alleged to have been misapplied or misappropriated and in that pursuit the complainants desire to usher into this case all parties having any interest in the property of the designated local unions. Theres is within this jurisdiction. It is essentially a trust fund.
Section 30 of the constitution of the Brotherhood provides:
"If at any time a Local Union should withdraw, lapse, dissolve, be suspended or expelled, all property, books, charter and funds held by, or in the name of, or on behalf of said Local Union must be forwarded immediately by express to the General Secretary, to be held in safe-keeping for the United Brotherhood as trustee for the carpenters in that locality until such time as they shall reorganize."
I would suppose that the constitution of the Brotherhood in its legal substance and efficacy constitutes a contract between the parent and local unions and their members inter sese. Harris v.Geier, 112 N.J. Eq. 99, 104; 164 Atl. Rep. 50. Assuredly this court has jurisdiction to determine the existence and proper amount of the trust funds. Vide, *Page 497 Reichert v. United Brotherhood, 14 N.J. Mis. R. 106;183 Atl. Rep. 728.
I am not persuaded that this cause is not one quasi in rem in so far as it implicates the alleged interest of the Brotherhood in the property of the local unions. It is asserted on behalf of the Brotherhood that inasmuch as the local unions herein named have not withdrawn, lapsed, dissolved or been suspended or expelled, the Brotherhood has no present and immediate interest whatever in their properties. I am inclined to the view that the fiduciary interest of the Brotherhood was originated by the contractual provision of the constitution and is existent. It is only the exercise of the fiduciary function and the right to the actual possession of the property that is contingent and uncertain. The interest of the Brotherhood seems to me to be current; there is of course the possibility that one of its incidents — the right of actual possession of the property of the local unions — may not accrue.
I decline to advise an order "setting aside and quashing" the substituted method of service.