51 N.J. Super. 172 (1958)
143 A.2d 902
PAUL'S ACRES, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ELLA A. NEWHAM, KENNETH R. BENSON, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 11, 1958.
Mr. Joseph L. Freiman, attorney for the plaintiff.
Mr. George Warren, attorney for defendant Peter Carolan, and guardian ad litem of defendant Ruth Eleanor Smith, an incompetent, and defendants Richard Hattenberg and Judith Carolan, infants.
*173 SCHERER, J.S.C.
The complaint in this case was filed to quiet title to vacant land in the Township of North Bergen, Hudson County, New Jersey. One of plaintiff's predecessors in title obtained his title as a result of tax sale foreclosure proceedings instituted by the Township of North Bergen against Charles E. Newham and others. This suit was filed August 2, 1949. Inquiry was made in that case for Charles E. Newham, the record title holder at the time of the foreclosure proceedings. Since he was not found service by publication was made against Charles E. Newham and his heirs, devisees and personal representatives and his, their or any of their successors in right, title and interest, as well as against Mrs. Charles E. Newham, wife of Charles E. Newham. The proceedings in that case resulted in a final judgment entered November 17, 1949 debarring and foreclosing Charles E. Newham and his heirs, devisees and personal representatives and his, their or any of their successors in right, title and interest, and Mrs. Charles E. Newham, wife of Charles E. Newham.
Plaintiff in this case has signed a contract to sell the property and the purchaser has raised the question of whether the tax foreclosure proceedings are defective because the records in the Surrogate's Office of Hudson County disclose the names of the children of one Charles E. Newham. The latter was probably the son of the Charles E. Newham who originally held title to the property by deed and who was the person whose name was recorded in the tax collector's office.
The foreclosure proceedings, Docket F-1986-48, were conducted under the former statute and are not In Rem proceedings. The plaintiff in that suit appears to have made inquiry in the usual manner and published notice as required by law. I am of the opinion that the failure to specifically name the children of Charles E. Newham in the publication did not render the proceedings in the foreclosure action defective. A final judgment was entered in that action which is binding on all parties and res judicata.
*174 On the question of notice, it was held in Bourne v. Levine, 100 N.J. Eq. 141 (Ch. 1926), in a suit for specific performance where prior foreclosure proceedings were attacked as irregular, that in construing the Chancery Act relating to absent or unknown defendants it should not be so construed as to lead to absurd results and that resort may be had to the reason and spirit of the law. Mendles v. Danish, 74 N.J.L. 333 (Sup. Ct. 1907).
In this case the answering defendants are an incompetent and two minors, the husband of one of whom is in military service. They are represented by their guardian ad litem and attorney respectively.
As was said in Jurewicz v. Locals 1297, etc., 138 N.J. Eq. 493 (Ch. 1946), where the order directing publication and the service of notice are conventional and in conformity with the statute, and nothing appears to indicate any irregularity in these proceedings, they should not be set aside. For that reason, in the cited case application to set aside substituted service was denied. See, also, Englander v. Jacoby, 132 N.J. Eq. 336 (Ch. 1942).
I am therefore of the opinion that the proceedings in the former suit were not irregular and that due notice as required by the rules and statutes was given to all defendants. The prior proceedings therefore foreclosed and debarred all equity of redemption of Charles E. Newham and any of his heirs, devisees or personal representatives.
I will therefore enter a judgment in accordance with these conclusions, adjudging that the defendants in this case have no estate or interest in, or encumbrance upon, the lands and premises described in the complaint or any part thereof.