Herman Sielcken, a New York merchant, took into partnership John E. Sorenson and Thorlief S.B. Neilsen, two of his employes. He retained ownership of the capital investment and assumed responsibility for the losses of the business; they were to have twenty-five per cent. of the profits. The partnership continued from 1913 to 1917. Sielcken died a few days after the dissolution, in Germany, where he resided, testate, leaving his estate, after pecuniary legacies, to his widow, Clara Sielcken, now Schwarz, and appointed the now Irving Trust Company of New York, executor of his will to administer his American estate and to remit it to the domiciliary executors in Germany. The will was admitted to probate in New York county and the Irving Trust Company qualified as executor. Neilsen, residing in New Jersey, died in 1930, testate, and by his will, admitted to probate in Bergen county, appointed the Chase National Bank of New York executor and it qualified. Sorenson, the surviving partner, a resident of New Jersey, assigned his interest in the firm to the complainant Sielcken (son of the widow of Herman Sielcken) who charges that his assignor, Sorenson, and the deceased Neilsen misappropriated large sums of the co-partnership funds, to the damage of their co-partner, Herman Sielcken; that the fact has but lately come to light and he prays a discovery, an accounting and a settlement of the co-partnership. Sorenson, the executor of Neilsen, the widow, and the Irving Trust Company executor of Herman Sielcken, deceased, are the defendants. The subpoena to the Irving Trust Company was served by the sheriff on the banking commission and the motion is to quash the service.
The question on this motion is not one of jurisdiction over the subject-matter and the parties, as in Babbitt v. FidelityTrust Co., 70 N.J. Eq. 651, and raised by plea to dismiss the *Page 399 
bill but, strictly, whether the court acquired jurisdiction over the person, by the service of process, raised by petition, and on order to show cause, after a special appearance ordered, why the return of the service of process should not be quashed.
The Irving Trust Company is a corporation of the State of New York. It is authorized by the banking commission "to accept appointment and to act as executor of or trustee under the last will and testament of any deceased person in the State of New Jersey," and as a condition filed with the department a power of attorney appointed the commission "upon whom lawful process against such company qualifying or acting as such executor or trustee, may be served in any action or other legal proceeding against such corporation as executor or trustee, affecting or relating to the estate represented or held by such executor or trustee, or the acts or defaults of such corporation in relation to such estates." The company does not carry on business in this state. Its only engagements here are, as its license permits, to act as executor when appointed under wills probated in this state, and its power of attorney is correspondingly limited. "Foreign Trust Company may do business generally in this state (Comp. Stat. p. 1673) but as New York limits our trust companies to acting as executors or trustees under wills of New York decedents, we reciprocate. Comp. Stat. p. 183. Under the statute creating the banking department (Comp. Stat. p. 160) service of process is made on the commissioners."
The Irving Trust Company, as executor, under grant of letters by a foreign tribunal upon a foreign will, of a foreign estate, inherently, is not amenable to our jurisdiction (Babbitt v.Fidelity Trust Co., supra), and because it is "found" in this state acting under a limited statutory license as executor of a local estate cannot be brought into court by process, the substituted service of which finds no warrant in law or in consent.
The agency of the bank commissioner to accept service of process for foreign corporations functioning in a narrow field in this state, as in this case, is restricted to process in causes arising out of the exercise of the office locally created. This *Page 400 
limitation is as fundamental as that imposed by law upon the authority given the secretary of state by foreign corporations doing a general business in this state. In Kane v. EssanayFilm Manufacturing Co., 98 N.J. Law 363, it is held "that the right to serve process on the secretary of state of New Jersey as the agent of a foreign corporation only arises when the foreign corporation is sought to be made liable for an act which arose out of the transaction of business in this state, and that the statute has no reference to any other character of liability as to foreign corporations." In Morris Co. v. SkandinaviaInsurance Co., 279 U.S. 405, it was said that "the purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state." In Simon v. SouthernRailway Co., 236 U.S. 115, the court said: "* * * this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest hardship and inconvenience arising from such extra-territorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Mutual Life Association v.McDonough, 204 U.S. 22; 51 L.Ed. 351; 27 Sup. Ct. 236, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states."
The contention that the court has jurisdiction over the foreign executor because at the death of the testator he held stock in a New Jersey corporation and a debt was owing him *Page 401 
by a local resident is obscure. The facts are not relevant. The foreign executor sold the stock and collected the debt as of right it could do. In re Election of Cape May, c., NavigationCo., 51 N.J. Law 78.
An answer to the contention, that the court has jurisdiction because the foreign executor has assets in this state in the liability of the co-partners, Sorenson and Neilsen, residents of this state, for their misappropriation of partnership funds (citing Redzina v. Provident Institution for Savings, c.,96 N.J. Eq. 346) is, that it is not asking for an accounting and the complainant cannot compel it to participate in the accounting he is seeking. Wilson v. American Palace Car Co., 65 N.J. Eq. 730; Babbitt v. Fidelity Trust Co., supra.
The motion is granted. The service will be quashed.